This is an action to recover on notes aggregating the sum of $1,500, and for the foreclosure of a deed of trust by which the payment of the notes described in the complaint is secured.
The defendants in their answer admit the execution of the notes and of the deed of trust, as alleged in the complaint. They allege that at the time of the execution of said notes and of the said deed of trust, it was agreed by and between the plaintiffs and the defendants that the defendants should not be held liable personally on said notes, and that the sole security for their payment should be the land conveyed by the deed of trust, and that said agreement was omitted from the notes and deed of trust by the mutual mistake of the plaintiffs and the defendants. They pray for the reformation of the notes and deed of trust.
The only issue submitted to the jury was answered as follows:
"At the time of the execution of the five notes and the deed of trust referred to in the complaint, was it understood and agreed by and between the parties that the defendants would not be held personally responsible for said notes, but that the land conveyed by said deed of trust should be the sole security held by said plaintiffs for said debt; and, if so, was said agreement omitted from the contract through the mutual mistake of the parties, as alleged in the answer? Answer: `No.'"
From judgment on the admissions in the pleadings and the verdict of the jury, that plaintiffs recover of the defendants the sum of $1,500, with interest from 9 March, 1936, and the costs of the action, and for the foreclosure of the deed of trust described in the complaint, the defendants appealed to the Supreme Court, assigning as error the instruction of the court to the jury.
The burden on the issue submitted to the jury was on the defendants.
There was no evidence at the trial tending to support an affirmative answer to the issue, and for that reason there was no error in the instruction of the court to the jury that they should answer the issue "No."
The judgment is affirmed.
No error. *Page 668